## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10218
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTOINE JOSEPH HEDARY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-189-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Antoine Joseph Hedary appeals the 30-month sentence that he received after pleading guilty to committing fraud in connection with access devices. Hedary's sole argument is that by denying his motion for a downward variance before he addressed the district court, the court denied him a meaningful opportunity to allocute. Because Hedary did not object in the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10218

that he was denied his right to allocute, our review is for plain error only. *See United States v. Avila-Cortez*, 582 F.3d 602, 604 (5th Cir. 2009).

At the beginning of the sentencing hearing, the district court, after giving the defense the opportunity to present evidence and argument, denied Hedary's motion for a downward variance in which he argued that his prior crimes were not violent and he was at a lower-than-usual risk to recidivate given his age and commitment to drug treatment.  The district court later permitted defense counsel to make sentencing arguments, allowed Hedary to present witnesses, and gave Hedary the unrestricted opportunity to allocute.

Even if the better practice is to rule on any request for a *Booker* variance after the defendant has allocuted, Hedary cannot show the obvious error required in light of his failure to raise the issue in the trial court.  The out-of-circuit cases he cites finding allocution error involved a district judge announcing the sentence or declaring it would only sentence within the Guidelines range before it heard from the defendant.  *See, e.g.*, *United States v. Mendeoza-Lopez*, 669 F.3d 1148, 1152 (10th Cir. 2012); *United States v. Landeros-Lopez*, 615 F.3d 1260, 1264-1268 (10th Cir. 2010); *United States v. Luepke*, 495 F.3d 443, 445, 450-52 (7th Cir. 2007).  The district court did neither in this case.  Its denial of the written motion for downward variance did not preclude the court's ability to consider other factors for a downward variance that might have been raised during Hedary's allocution.  We thus cannot say that it is plain or obvious that Hedary was denied a meaningful opportunity to allocute.

AFFIRMED.

2