# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11096

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BRYAN KENDALL PITTSINGER,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Defendant-Appellant Bryan Kendall Pittsinger pleaded guilty to sexually exploiting a minor in violation of 18 U.S.C. § 2251(a). The district court sentenced him to 360 months' imprisonment, the statutory maximum. Pittsinger now appeals that sentence, contending that the district court erred in denying his motion for a downward variance before permitting him to address the court and in applying the three-level reduction for acceptance of responsibility to his total offense level of 51 rather than to his adjusted total offense level of 43. We find no error and AFFIRM.

No. 16-11096

**I.**

Bryan Kendall Pittsinger pleaded guilty to sexually exploiting a minor in violation of 18 U.S.C. § 2251(a).  Section 2251 provides a statutory minimum sentence of fifteen years' imprisonment and a statutory maximum of thirty years.  18 U.S.C. § 2251(e).  A Presentence Report ("PSR") determined that his final offense level was 51 before applying a three-level reduction for acceptance of responsibility.  Because that calculation resulted in an offense level greater than 43, the PSR treated his offense level of 48 as an offense level of 43.[1]  The PSR also determined that Pittsinger had a criminal history category of I.  A total offense level of 43 and a criminal history category of I produces a recommended guideline sentence of life imprisonment.  However, because that would exceed § 2251's statutory maximum, the PSR reduced the Guidelines sentence to the statutory maximum of 360 months' (or 30 years) imprisonment.

Pittsinger moved for a downward variance from the Guidelines sentence based on consideration of the factors set forth in 18 U.S.C. 3553(a).  At the sentencing hearing, the district court indicated its "tentative" decision that the motion for a variance "should be denied," then heard argument on the motion from Pittsinger's counsel.  Pittsinger's counsel and the court then had the following exchange:

> MR. LEHMANN:  And, Your Honor, Mr. Pittsinger would like to address the Court.
>
> THE COURT:  We're not there yet.  We're still working on the motion for downward departure – or variance.
>
> MR. LEHMANN:  Thank you.

The court then "finally denied" the motion for a downward variance.

---

[1] Chapter 5, Part A, application note 2 of the Sentencing Guidelines provides that offense levels of greater than 43 are to be treated as offense levels of 43.

2

No. 16-11096

After denying the motion, the court recited the Guidelines calculation from the PSR, stating that Pittsinger's offense level and criminal history category resulted in a Guidelines sentence of 360 months. The court then noted that it had received several letters on Pittsinger's behalf and asked Pittsinger's counsel if he "wish[ed] to make any remarks on [Pittsinger's] behalf or present anyone else further?" Counsel made a few remarks, and the court and Pittsinger then had the following exchange:

> THE COURT: Mr. Pittsinger, I've read your letter. Is there anything you would like to say further on your own behalf?
>
> DEFENDANT PITTSINGER: Yes, Your Honor.
>
> THE COURT: Go ahead, sir.
>
> DEFENDANT PITTSINGER: I want to apologize to you first. I know these are tough cases to have to deal with. I apologize to my family, and I just ask for mercy on sentencing. I'm ready for a change. I'm ready for help, and with the – talking with the psychologist, she agrees that I can get help and that makes me feel a lot better to know, to know that there is a chance out there.
>
> THE COURT: All right, sir. Thank you.

The court next addressed the government, asking if it "wish[ed] to be heard."

> MS. SALEEM: Your Honor, if I understand correctly, the Court intends to impose a guideline sentence?
>
> THE COURT: Yes.
>
> MS. SALEEM: Then we have nothing further.

The court then noted that the attorneys would "have a final chance to make legal objections before sentence is finally imposed," before announcing that it was "the judgment of the Court that the defendant, Bryan Kendall Pittsinger, . . . be committed to the custody of the Federal Bureau of Prisons for a period of 360 months." The court then called upon the parties "to indicate

No. 16-11096

any legal reason why sentence should not be imposed as stated." Counsel for the government and Pittsinger stated that they had none. The court then imposed the sentence.

Pittsinger timely appealed his sentence, contending that the district court erred by denying him the opportunity to address the court before ruling on the motion for a downward variance and by applying the three-level reduction for acceptance of responsibility to his total offense level of 51 rather than his adjusted offense level of 43.

## II.

The parties initially dispute whether Pittsinger adequately preserved his objection to the denial of his opportunity to allocute prior to the court's ruling on his motion for a downward variance. Whether his claim is preserved dictates whether this court applies de-novo or plain-error review.

"A party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for our review." *United States v. Bullard*, 13 F.3d 154, 156 (5th Cir. 1994). Accordingly, an error must be raised with "sufficient specificity" to permit the district court to hear argument and "deal[] with" the issue. *United States v. Maldonado*, 42 F.3d 906, 910, 912 (5th Cir. 1995). *Accord United States v. Ellis*, 720 F.3d 220, 224-25 (5th Cir. 2013) ("To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." (internal quotation marks omitted)).

Pittsinger's objection to the timing of his allocution was not sufficiently raised below. After presenting argument on Pittsinger's motion for a downward variance, his counsel informed the court that "Mr. Pittsinger would like to address the Court." The court responded "We're not there yet. We're still working on the motion for downward departure – or variance."

4

Pittsinger's counsel said "Thank you," and the court proceeded to deny the motion. Based on that exchange, Pittsinger now contends that his claim of error is preserved because he informed the court of the action he wished the court to take. *See* Fed. R. Crim. P. 51(b) ("A party may preserve a claim of error by informing the court . . . of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection.").

However, Pittsinger's counsel said nothing about *when* Pittsinger wanted to address the court. He requested only the opportunity to address the court, not the opportunity to address the court before it ruled on the downward variance. Furthermore, when the court responded that it was not yet time for the allocution, Pittsinger's counsel did nothing to clarify his request. By simply saying "Thank you," he failed to bring to the court's attention the nature of the alleged error. Accordingly, the alleged error was not presented with sufficient specificity to allow the district court to address the issue and, if necessary, correct itself.

Additionally, Pittsinger's counsel failed to ever raise an objection to the timing of Pittsinger's allocution, despite numerous opportunities to do so. He did not object when the court stated that it was not yet time for the allocution; he did not object when the court denied the motion for a variance without having first heard from Pittsinger; and he did not object when the court asked for the parties to "indicate any legal reason why sentence may not be imposed as stated."

Because the claim of error was not sufficiently presented to the district court, it is not preserved on appeal and we review for plain error only. *See United States v. Avila-Cortez*, 582 F.3d 602, 604 (5th Cir. 2009). Accordingly, we ask whether the district court (1) committed an "error," (2) that is "plain," and (3) that affects "substantial rights.'" *United States v. Reyna*, 358 F.3d 344,

No. 16-11096

350 (5th Cir. 2004) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)) (internal quotation marks omitted). "If those criteria are met, we have the discretion to correct the forfeited error but should do so only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Olano*, 507 U.S. at 732) (alteration in original).

## III.

Rule 32 of the Federal Rules of Criminal Procedure provides that, "[b]efore imposing sentence, the court must . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). To satisfy that rule, "the district court must communicate 'unequivocally' that the defendant has a right to allocute." *United States v. Magwood*, 445 F.3d 826, 829 (5th Cir. 2006) (quoting *United State v. Echegollen-Barrueta*, 195 F.3d 786, 790 (5th Cir. 1999)). "[T]he court, the prosecutor, and the defendant must at the very least interact in a manner that shows clearly and convincingly that the defendant knew he had a right to speak on any subject of his choosing prior to the imposition of sentence." *Echegollen-Barrueta*, 195 F.3d at 789 (internal quotation marks omitted) (alteration in original).

Rule 32(i)(4)(A)(ii) includes two components: a defendant must have both the opportunity to speak before the imposition of sentence and the opportunity to "present any information." Pittsinger contends that the district court deprived him of both by denying his motion for a downward variance before giving him the opportunity to address the court.

## A.

While it may be the "better practice . . . to rule on any request for a *Booker* variance after the defendant has allocuted," we find persuasive that the district court did not commit plain error by ruling on Pittsinger's motion for a

downward variance before giving him the opportunity to allocute. *See United States v. Hedary*, 672 F. App'x 434, 435 (5th Cir. 2016) (unpublished opinion).

Rule 32 is to be applied "quite literally," *Magwood*, 445 F.3d at 829 (internal quotation marks omitted), but even its literal application may be insufficient where compliance is "merely in form." *United States v. Sparrow*, 673 F.2d 862, 865 (5th Cir. 1982). Accordingly, other circuits have held that an opportunity to allocute before a sentence is technically imposed is not meaningful if the court has already stated in conclusive terms that a particular sentence will be imposed. *See United States v. Landeros-Lopez*, 615 F.3d 1260, 1265, 1268 (10th Cir. 2010) (holding that district court erred in stating that "*it is and will be* the judgment of this Court that the defendant . . . is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 115 months" before inviting defendant to address the court (emphasis in original)); *United States v. Luepke*, 495 F.3d 443, 445, 450 (7th Cir. 2007) (holding that district court plainly erred in stating that it was "adjudged the defendant is committed to the custody of the Bureau of Prisons for imprisonment for a term of 240 moths" before inviting defendant to address the court).

However, Rule 32 does not prohibit courts from stating their mere intentions to impose a particular sentence before giving defendants the opportunity to speak. *See United States v. Mendoza-Lopez*, 669 F.3d 1148, 1150, 1152 (10th Cir. 2012) (holding that district court did not plainly err by calculating the Guidelines range and stating that "[i]t's the Court['s] intention to sentence within that Guideline range" before inviting defendant to allocute (second alteration in original)), *overruled on other grounds by United States v. Bustamante-Conchas*, 850 F.3d 1130 (10th Cir. 2017); *United States v. Engle*, 676 F.3d 405, 424-26 (4th Cir. 2012) (holding that district court did not plainly err in ruling on motions for variances and stating that "480 months will

No. 16-11096

reasonably protect society" before inviting defendant to allocute); *United States v. Boose*, 403 F.3d 1016, 1017 (8th Cir. 2005) (per curium) (affirming 270 month sentence where district court stated its intent to impose a 270 month sentence before giving defendant the opportunity to speak); *United States v. Laverne*, 963 F.2d 235, 236-37 (9th Cir. 1992) (holding that district court did not violate Rule 32 by indicating intention to impose 225 month sentence before inviting defendant to allocute).  The touchstone is whether the defendant's opportunity to address the court and ask for a lower sentence is meaningful.  Where a court merely states its tentative intention to impose a particular sentence but remains open to hear and consider what the defendant has to say, Rule 32 is not violated.  *See Mendoza-Lopez*, 669 F.3d at 1152 (finding no error where defendant-appellant failed to show how district court's statement of intent "predetermined" his sentence or that "he had no meaningful opportunity to influence that sentence"); *Engle*, 676 F.3d at 925 (finding no error where there was "nothing in the record to establish that the court did not consider Engle's comments before finally imposing sentence").  *Cf. United States v. Burgos-Andujar*, 275 F.3d 23, 30 (1st Cir. 2001) ("When a judge announces a sentence before hearing an allocution, it is fair to assume that such a sentence is tentative and that the judge will consider the defendant's statements before imposing a final sentence.").

Pittsinger contends that by denying his motion for a variance, the district court committed itself to imposing a 360 month Guidelines sentence and that his opportunity to address the court was therefore meaningless.  But the court did no such thing.  By denying the motion for a variance and calculating the resulting sentence under the Guidelines, the court merely

No. 16-11096

stated its tentative intention to impose that sentence.[2]   That the court remained open to consider other factors that might influence the sentence actually imposed is clear from its invitation, after ruling on the motion, to hear not only from Pittsinger but also to hear further argument from counsel regarding the appropriate sentence.  There was thus no "indicat[ion] that the judge would remain unmoved in the face of *anything* the defendant had to say." *United States v. Myers*, 150 F.3d 459, 463 (5th Cir. 1998), *abrogated by United States v. Reyna*, 358 F.3d 344 (5th Cir. 2004).

## B.

Rule 32 also gives a defendant the "right to speak [at sentencing] on any subject of his choosing."  *United States v. Palacios*, 844 F.3d 527, 530-31 (5th Cir. 2016) (internal quotation marks omitted).  Accordingly, the rule is violated when courts limit the subject matter about which defendants may speak at sentencing.  *See id.* at 531 (finding plain error where district court permitted defendant to speak regarding acceptance of responsibility only); *Mendoza-Lopez*, 669 F.3d at 1152 (finding plain error where district court invited defendant "to address only 'where within [the Guidelines] range this Court should sentence'").

---

[2] Pittsinger makes much of the fact that the court's ruling on his motion for a downward ruling was "final."  However, that the court's ruling on the motion was final does not mean that the sentence was, too.  The court retained the discretion to vary downward from the Guidelines sentence after hearing Pittsinger address, in his own words, why a lower sentence was appropriate.  *See United States v. Lopez-Valasquez*, 526 F.3d 804, 808 (5th Cir. 2008) (noting that courts have discretion to vary from the Guidelines *sua sponte*).  *Cf. Green v. United States*, 365 U.S. 301, 304 (1961) ("The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself.").

Pittsinger also contends that the prosecutor's question clarifying her understanding that the court intended to impose a 30-year Guidelines sentence demonstrates that it was obvious to the parties that, by denying the motion for a variance, the court had made a final decision to impose that sentence.  However, the prosecutor's understanding of the court's ruling does not convert its statement denying that motion into the kind of definitive declaration of a sentence that raises a Rule 32 problem.

No. 16-11096

Pittsinger contends that the district court effectively prohibited him from addressing what he believed to be the most important mitigating factors weighing in favor of a below-Guidelines sentence by permitting him to speak only after ruling on his motion for a downward variance.  However, while the court denied the motion, thereby indicating that it did not find persuasive counsel's recitation of the arguments in favor of a variance, it said nothing to indicate to Pittsinger that he could not speak for himself on those same issues. Simply stating that the "motion for downward variance is finally denied" does not communicate an unwillingness to hear statements from the defendant on any issue he might want to address.  *Compare United States v. Li*, 115 F.3d 125, 131-34 (2d Cir. 1997) (vacating sentence where district court stated that defendant "doesn't want to face the punishment for what she has done" and then precluded defendant from explaining why she did not know that the conduct leading to her conviction was unlawful) *with United States v. Pacheco*, 727 F.3d 41, 48-50 (1st Cir. 2013) (finding no error where district court told defense counsel, who was arguing for a reduced sentence, to "shut up" before asking defendant if there was "[a]nything [she] want[ed] to say"). Furthermore, the court explicitly invited Pittsinger to speak on any topic of his choosing by asking, in very broad terms, if there was "anything [he] would like to say further on [his] own behalf."

Because the district court did not make a definitive and conclusive statement regarding the sentence to be imposed, and because it directly invited Pittsinger to speak on any topic of his choosing before it formally announced and imposed the sentence, the court did not commit an error that was clear or obvious. *See Olano*, 507 U.S. at 734.

## IV.

Pittsinger also contends that the district court erred by applying the three-level reduction for acceptance of responsibility to his adjusted offense

No. 16-11096

level of 51.  He contends that, because offense level 43 is the highest level recognized in the Guidelines, the court should have deducted three levels from 43 rather than from 51.  Because he failed to raise this argument below, we review for plain error.

As Pittsinger concedes, his argument is foreclosed by this court's decision in *United States v. Wood*, 48 F.3d 530, 1995 WL 84100 (5th Cir. Feb. 8, 1995) (unpublished), where we held that the district court did not err by applying the reduction for acceptance of responsibility to the defendant's total offense level of 46 rather than to the final adjusted offense level of 43.  *See id.* at *7.[3] Accordingly, we find no plain error here.

For the foregoing reasons, we AFFIRM.

---

[3] *Wood*, while unpublished, is precedential because it was issued before January 1, 1996.  *See* 5TH CIR. R. 47.5.3; *Weaver v. Ingalls Shipbuilding, Inc.*, 282 F.3d 357, 359 & n.3 (5th Cir. 2002).