# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 22, 2019

Lyle W. Cayce
Clerk

No. 18-10736
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IRINEO PONCE-RECENDIZ,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-442-1

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Irineo Ponce-Recendiz pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326, and he was sentenced to 57 months of imprisonment and three years of supervised release. He argues that the district court's statement that it was "going to impose a term of supervised release on the defendant" stated a firm conclusion as to the sentence it would

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10736

impose before Ponce-Recendiz could address the court, rendering his allocution a meaningless formality.

Ponce-Recendiz's failure to object to the alleged allocution error triggers plain error review. *See United States v. Reyna*, 358 F.3d 344, 350 (5th Cir. 2004) (en banc). Ponce-Recendiz must show a forfeited error that is "clear or obvious, rather than subject to reasonable dispute," and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Before a district court imposes sentence, it must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." FED. R. CRIM. P. 32(i)(4)(A)(ii). "[T]he district court must communicate unequivocally that the defendant has a right to allocute." *United States v. Chavez-Perez*, 844 F.3d 540, 544 (5th Cir. 2016) (internal quotation marks and citation omitted). The interaction among the court, the defendant, and the prosecutor must show "clearly and convincingly that the defendant knew he had a right to speak on any subject of his choosing prior to the imposition of sentence." *United States v. Echegollen-Barrueta*, 195 F.3d 786, 789 (5th Cir. 1999) (internal quotation marks and citation omitted).

"Rule 32 does not prohibit courts from stating their mere intentions to impose a particular sentence before giving defendants the opportunity to speak." *United States v. Pittsinger*, 874 F.3d 446, 452 (5th Cir. 2017). After hearing from defense counsel, Ponce-Recendiz, and the Government, the district court imposed the sentence, including supervised release for a term of three years. There is no indication in the record that the timing of the defendant's allocution rendered it meaningless for purposes of the district

No. 18-10736

court's ability to hear and consider what Ponce-Recendiz had to say. *See Pittsinger*, 874 F.3d at 452.  Because the district court did not make a definitive and conclusive statement regarding the sentence to be imposed, and because it directly invited Ponce-Recendiz to speak on any matter that he wished before formally imposing the sentence, the district court did not commit a clear or obvious error.  *See Pittsinger*, 874 F.3d at 453-54.

AFFIRMED.