# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10763
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 12, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS ALONSO GONZALEZ GONZALEZ, also known as Jesus Gonzalez, also known as Jesus Alonzo Gonzalez, also known as Alonzo Gonzalez, also known as Roberto Soto,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-19-1

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Jesus Alonso Gonzalez Gonzalez appeals the 42-month sentence imposed following his guilty plea to possession of a firearm by an illegal alien. He argues that the district court plainly erred in failing to give him the opportunity to allocute prior to denying his motion for a downward variance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10763

However, Gonzalez Gonzalez concedes that his argument is foreclosed by circuit precedent, and he raises the issue to preserve it for further review.

The Government has filed an unopposed motion for summary affirmance; in the alternative, it requests an extension of time to file its brief. The Government asserts that the parties are in agreement that, under circuit precedent, Gonzalez Gonzalez's argument is foreclosed. Summary affirmance is proper, where among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

This court has held that a district court does not commit plain error in ruling on a motion for a downward variance before giving the defendant the opportunity to allocute. *United States v. Pittsinger*, 874 F.3d 446, 451-54 (5th Cir. 2017). One panel of this court may not overrule the decision of a prior panel in the absence of en banc consideration or a superseding Supreme Court decision. *United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002).

In view of the foregoing, the Government's motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time to file a brief is DENIED. The judgment of the district court is AFFIRMED.