# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10517
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 26, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TRAVON NIKEITH JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-117-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Travon Nikeith Johnson appeals his above-guidelines sentence of 24 months of imprisonment and 30 months of supervised release that he received on revocation of his initial term of supervised release. In reaching its decision during the revocation and sentencing hearing, the district court stated that it considered his criminal history, "his ongoing activity in assaulting a family member," and the sentencing factors under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10517

18 U.S.C. § 3553(a).   Although the district court initially announced its sentence before permitting allocution, the court withdrew its sentence after Johnson objected, heard allocution, then imposed the same sentence.

Johnson raises two issues on appeal.  He first contends that the district court deprived him of a meaningful opportunity to allocute by making its statements to him that tended to indicate that he had an "uphill battle" in trying to change the court's mind.

Plain error review applies because Johnson did nothing to indicate that he "took exception" to how the district court handled his initial allocution objection.  *See United States v. Salinas*, 480 F.3d 750, 755-56 (5th Cir. 2007).  There was no "clear or obvious" error.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  The district court was permitted to state its intentions to impose a particular sentence before giving Johnson the opportunity to speak.  *United States v. Pittsinger*, 874 F.3d 446, 452 (5th Cir. 2017).  It is not clear or obvious that the district court's language constituted "a definitive and conclusive statement regarding the sentence to be imposed." *Id.* at 453.

Johnson next maintains that the district court failed to consider the extent of the deviation from the applicable guidelines range in sentencing him to an above-guidelines sentence of imprisonment after ascertaining the correct range.  Although Johnson concedes that a court which initially chooses a sentence above an 18-month maximum range probably would not sentence beneath a 12-month maximum on the same facts, he argues that it does not follow that the ultimate sentence should necessarily be the same.

Assuming arguendo that the district court committed a clear or obvious error, Johnson still fails to show that such an error affected his substantial rights.  The Supreme Court has said that "[i]n most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect,

higher Guidelines range has demonstrated a reasonable probability of a different outcome." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016).   Here, however, the district court considered the correct guidelines range before imposing Johnson's sentence and had chosen its initial sentence with reference to the statutory limits on the revocation sentence and not the applicable guidelines range.   In sentencing Johnson, the district court emphasized his criminal history and "his ongoing activity in assaulting a family member" as opposed to the sentencing range.   Johnson has not pointed to anything in the record that tends to show that the outcome would have been different had the district court explicitly considered the extent of the deviation. As such, he has failed to show that the district court plainly erred.   His sentence is AFFIRMED.