# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 21, 2023

Lyle W. Cayce
Clerk

No. 22-20636
Summary Calendar

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHARLES COX,

*Defendant—Appellant*.

CONSOLIDATED WITH

———————————

No. 22-20658

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JARRED ADAMS,

*Defendant—Appellant*.

No. 22-20636
c/w No. 22-20658

———————————————————

Appeals from the United States District Court
for the Southern District of Texas
USDC Nos. 4:21-CR-355-2, 4:21-CR-355-1

———————————————————

Before WIENER, STEWART, and DOUGLAS, *Circuit Judges*.
PER CURIAM:[*]

Codefendants Charles Cox and Jarred Adams appeal the sentences imposed following their guilty plea convictions for two counts of aiding and abetting the interference with commerce by robbery, one count of aiding and abetting the discharge of a firearm during and in relation to a crime of violence, and one count of aiding and abetting the brandishing of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 1951(a), 924(c)(1)(A)(ii), (iii), and 2. Because their appeals present the same issue, the appeals in No. 22-20636 and No. 22-20658 are CONSOLIDATED.

In April 2021, Cox and Adams committed two robberies of stores in Houston, Texas. During the first robbery, Adams shot a store employee, "J.F.," while Cox stayed in the car as the getaway driver. The presentence reports (PSRs) provided that Adams "shot his firearm at J.F. striking him/her in the arm and the abdomen area. J.F. fell to the ground." As described further, "J.F. was shot in the back and the bullet clipped his/her kidney, came out of his/her stomach, and entered and lodged into his/her left arm." Officers subsequently spoke to J.F. at the hospital and he/she said he/she did not move, and Adams still fired the gun." Based on the foregoing, the PSRs included a six-level enhancement pursuant to U.S.S.G.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

§ 2B3.1(b)(3)(C) based on the allegation that L.F. sustained a "permanent or life-threatening bodily injury" during the commission of the robbery.

Cox objected to the enhancement arguing that he was the getaway driver and therefore was not responsible for any alleged injuries. Adams objected to the enhancement arguing that the information presented in the PSR was insufficient to substantiate that J.F. sustained a "permanent or life-threatening bodily injury," as defined in U.S.S.G. § 1B1.1. In response, the probation officer repeated the factual recitation set out in the PSR and further alleged:

> The bullet went through [J.F.]'s body and pierced his/her bodily organs. The bullet did not strike an extremity such as a toe or a finger, it went through the victim's body, striking a kidney. This in itself is life-threatening. [J.F.] survived; however, that does not diminish the life-threatening situation that the victim was placed in when the defendant fired a bullet into his/her body.

The district court overruled the objections and sentenced Cox below the advisory guidelines range to a total of 240 months of imprisonment. Adams was sentenced within the guidelines range to a total of 281 months of imprisonment.

On appeal, Cox and Adams raise the same sole issue: that the district court's application of a six-level permanent or life-threatening bodily injury enhancement was reversible error because the Government did not sufficiently prove the requisite degree of bodily injury. Because Adams objected to the enhancement on the same basis as he now raises on appeal, we review his challenge for clear error. *See United States v. Blanco*, 27 F.4th 375, 382 (5th Cir. 2022). Conversely, we review Cox's challenge to the enhancement for plain error. *See United States v. Sanchez-Arvizu*, 893 F.3d

312, 315 (5th Cir. 2018); *United States v. Pittsinger*, 874 F.3d 446, 450-51 (5th Cir. 2017).

Pursuant to § 2B3.1(b)(3), if any victim sustained bodily injury during the commission of a robbery, the offense level is increased according to the seriousness of the injury. As relevant here, a six-level increase is applied if the victim's bodily injury was "permanent or life-threatening," § 2B3.1(b)(3)(C), which is defined as an "injury involving a substantial risk of death; loss or substantial impairment of the function of a bodily member, organ, or mental faculty that is likely to be permanent; or an obvious disfigurement that is likely to be permanent," § 1B1.1, comment. (n.1(K)). Whether or not a victim sustained a bodily injury of a certain degree is an individualized factual inquiry based on the evidence of the victim's injury and not on the severity of the defendant's actions. *United States v. Guerrero*, 169 F.3d 933, 946 (5th Cir. 1999). Consequently, when lacking sufficient evidence of the resulting bodily injury, it is improper for the district court to infer that the victim sustained the requisite degree of injury based only on an assumption that a particular act would result in a particular injury. *See id.* at 946-47.

Here, there was insufficient evidence that the bullet wounds caused a substantial risk of death, resulted in the loss or substantial impairment of the function of a bodily member or organ that is likely to be permanent, or resulted in an obvious disfigurement that is likely to be permanent. *See* § 1B1.1, comment. (n.1(K)). While the record reflects that J.F.'s kidney was "clipped," it does not reveal how this affected the functioning of the organ or whether J.F. faced a substantial risk of death because of this injury. Likewise, the record does not reveal how the bullet entries and exits through the back, stomach, and arm affected the functioning of these parts of J.F.'s body. We therefore conclude that the permanent or life-threatening bodily

No. 22-20636
c/w No. 22-20658

injury enhancement was not supported by a preponderance of the evidence in the record, and the district court committed clear error by increasing Cox's and Adams's offense levels under § 2B3.1(b)(3)(C). *See Guerrero*, 169 F.3d at 946-47.

Because there is no indication in the record that the district court would have imposed the same sentence regardless of the proper guidelines range, the error in Adams's case was not harmless. *See United States v. Neal*, 578 F.3d 270, 274 (5th Cir. 2009). Likewise, because we conclude that the error was clear or obvious and there is nothing in the record to demonstrate that the district court would have imposed the same sentence absent the erroneous application of the enhancement, Cox has demonstrated that his substantial rights were affected, and corrective action is warranted. *See Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016); *United States v. Urbina-Fuentes*, 900 F.3d 687, 699 (5th Cir. 2018).

In light of the foregoing, we VACATE and REMAND Cox's and Adams's sentences for further proceedings consistent with this opinion.