# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-30042
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ryan Negrotto,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CR-80-1

———————————————————————

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Without the benefit of a plea agreement, Ryan Negrotto pleaded guilty to conspiracy to distribute and to possess with intent to distribute 50 grams or more of methamphetamine (Count One), distribution and possession with intent to distribute five grams or more of methamphetamine (Count Two), distribution and possession with intent to distribute 50 grams or more of

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

methamphetamine (Counts Three and Four), possession of a firearm in furtherance of a drug trafficking crime (Counts Five and Seven), possession with intent to distribute five grams or more of methamphetamine (Count Six), and use or maintenance of a drug premises (Count Eight). The district court sentenced him to concurrent prison terms of 135 months as to Counts One, Two, Three, Four, Six, and Eight. Also, the district court ordered him to serve 60 months in prison as to both Counts Five and Seven and ordered those prison terms to run consecutively to each other and the sentences for the remaining counts. Negrotto appeals his convictions and sentences.

Negrotto maintains that his sentence was procedurally unreasonable because the district court did not adequately address the grounds on which he requested a downward variance or explain adequately its conclusion that he was not entitled to a variance for those reasons. We review for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

The district court considered the parties' sentencing positions and materials, including Negrotto's arguments in favor of a downward variance, and gave reasons for the sentence that invoked those submissions and the 18 U.S.C. § 3553(a) factors. The district court decided that a within-guidelines sentence was reasonable based on the relevant sentencing concerns. Even if the district court might have explained in more detail its decision not to vary, the reasons given were sufficient, *see Rita v. United States*, 551 U.S. 338, 357-59 (2007), and, in any event, any error did not affect Negrotto's substantial rights, *see Mondragon-Santiago*, 564 F.3d at 364-65. His claim that the district court misunderstood his argument as to the methamphetamine Guidelines is unfounded; the district court understood the argument but declined to vary on that basis. *See Kimbrough v. United States*, 552 U.S. 85, 91 (2007).

Negrotto also argues that the sentence was substantively unreasonable because the district court did not grant a downward variance on the grounds that he presented. He states that the district court did not fashion a sentence that accounted for his arguments and did not afford appropriate weight to his personal history and circumstances. We review for abuse of discretion. *See United States v. Douglas*, 957 F.3d 602, 609 (5th Cir. 2020).

The district court considered the facts and circumstances of the case, as well as the parties' arguments, and found that a within-guidelines sentence served the sentencing aims of § 3553(a). The district court's failure to decide that the factors presented by Negrotto justified a variance does not mean that the factors were not adequately considered. *See United States v. Vargas*, 21 F.4th 332, 337 (5th Cir. 2021). Neither his disagreement with the weight that the district court gave to certain factors nor the failure of the district court to accept his arguments show that his sentence was substantively unreasonable. *See United States v. Rebulloza*, 16 F.4th 480, 485 (5th Cir. 2021); *United States v. Aldawsari*, 740 F.3d 1015, 1021-22 (5th Cir. 2014). We defer to the district court's decision as to the proper sentence and will not reweigh its evaluation of the sentencing factors or their significance. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007). Negrotto has failed to rebut the presumption that his sentence is reasonable. *See Vargas*, 21 F.4th at 337.

Negrotto argues that the factual bases for Counts Two and Six, which charged offenses under 21 U.S.C. § 841(a)(1), were insufficient. He maintains that the factual bases omitted the type or purity of the methamphetamine involved in the counts and did not include facts to support application of the enhanced penalties in 21 U.S.C. § 841(b)(1)(B). We review for plain error. *See United States v. Ortiz*, 927 F.3d 868, 872 (5th Cir. 2019).

His claim is unavailing. This court has determined that drug type and quantity are relevant only to determine the provision of § 841(b) under which

defendants may be sentenced and are not formal elements of an offense under § 841(a)(1). *United States v. Daniels*, 723 F.3d 562, 572-74 (5th Cir. 2013), *modified in part on reh'g*, 729 F.3d 496 (5th Cir. 2013); *United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009). Regardless, even if we assume that the district court committed clear or obvious error in accepting Negrotto's guilty plea to the factual bases for Counts Two and Six, he has not established that the error affected his substantial rights. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). He has not shown a reasonable probability that, but for any error, he would not have pleaded guilty. *See id.*

Finally, Negrotto argues that the district court violated Federal Rule of Criminal Procedure 32(i)(4)(A)(ii). He asserts that he was not provided a meaningful chance to allocute and that the district court thus did not consider his statement in selecting his sentence. Negrotto acknowledges that he was permitted to allocute after the district court initially announced sentence and before it reimposed the same sentence. However, he asserts that his right to allocute effectively was denied because the district court already had decided upon his sentence before his allocution. We review for plain error. *See United States v. Pittsinger*, 874 F.3d 446, 450-51 (5th Cir. 2017).

Negrotto has not shown plain error. *See id.* at 451. The district court's actions—imposing sentence, allowing allocution after realizing its error, and reimposing the previously announced sentence without first conducting a full resentencing—do not rise to the level of clear or obvious error. *See id.* at 452; *United States v. Delgado*, 256 F.3d 264, 279 (5th Cir. 2001); *United States v. Siciliano*, 953 F.2d 939, 944 (5th Cir. 1992); *Gordon v. United States*, 438 F.2d 858, 880-81 (5th Cir. 1971).

The judgment of the district court is AFFIRMED.