**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 22, 2011

Lyle W. Cayce
Clerk

No. 10-20693
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RONALD LEGG III,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CR-6-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ronald Legg III, appeals his sentence of one year's imprisonment, imposed following his supervised-release revocation. Legg contends his sentence is procedurally unreasonable because the district court: denied him the right of allocution; failed to make an individualized assessment; and based his sentence on clearly-erroneous facts.

Because Legg did not object at sentencing to his being denied the right of allocution, review is only for plain error. *United States v. Reyna,* 358 F.3d 344,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

350-51 (5th Cir. 2004) (en banc). To show reversible plain error, Legg must show a clear or obvious error that affects his substantial rights. *E.g.*, *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Even if he does so, our court retains discretion to correct the error and, generally, will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Although Legg and the district court engaged in an extensive discussion prior to the imposition of sentence, the court erred in not giving Legg a specific and unequivocal opportunity to speak in mitigation of his sentence. *See* FED. R. CRIM. P. 32.1(b)(2)(E); *United States v. Magwood*, 445 F.3d 826, 829 (5th Cir. 2006). And, because Legg was sentenced near the top of the advisory Guidelines sentencing range, that error is presumed to have affected his substantial rights. *See Magwood,* 445 F.3d at 829.

Our court has declined, however, "to adopt a blanket rule that once prejudice is found . . . the error invariably requires correction". *Reyna,* 358 F.3d at 352. Along that line, Legg must "show some objective basis that would have moved the trial court to grant a lower sentence". *Magwood,* 445 F.3d at 830 (citation and internal quotation marks omitted). Legg fails to do so: the facts and assertions he contends he would have presented to mitigate his sentence were either considered by the district court (and deemed unpersuasive), or do not undermine the court's reasons for imposing the sentence. Moreover, this was Legg's third appearance before the district court. *See Reyna,* 358 F.3d at 352-53 (error not seriously affecting fairness, integrity or public reputation of judicial proceedings where defendant was making third appearance before district judge). Thus, we decline to exercise our discretion to correct the error. *See Magwood,* 445 F.3d at 830.

Legg contends his sentence was procedurally unreasonable because: he was deprived of his right to an individualized assessment; and his sentence was based on clearly-erroneous factual findings because the court lumped his conduct with that of an unrelated defendant sentenced in the same proceeding. *See Gall*

*v. United States,* 552 U.S. 38, 50-51 (2007) (sentencing court must make "individualized assessment" and procedurally errs in applying clearly erroneous facts). Arguably, Legg preserved these issues for appeal and therefore review is under the plainly-unreasonable, rather than plain-error, standard. *United States v. Miller,* 634 F.3d 841, 843 (5th Cir. 2011) (supervised-release revocation sentences reviewed under "plainly unreasonable" standard), *petition for cert. filed* (27 May 2011) (No. 10-10784). We need not decide which standard applies, however, because there was no error and thus Legg's contentions fail under either standard of review.

Prior to imposition of sentence, the court engaged Legg in an extensive discussion, focusing on his failure to appear for his continued revocation hearing and the court's belief that Legg had refused to accept responsibility for his own situation. Although the court did not give separate explanations for the identically imposed one-year sentences for each defendant, all of the court's stated reasons appear applicable to Legg. Further, none of the court's reasons appear applicable only to the other defendant. Thus, Legg has *not* shown that the district court failed to make an individualized assessment or based his sentence on clearly erroneous facts.

AFFIRMED.