# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40279

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE PALACIOS, JR.,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

December 27, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.

CARL E. STEWART, Chief Judge:

Jose Palacios, Jr. ("Palacios") appeals his 144-month sentence for possession with the intent to distribute 100 kilograms or more of marijuana. He asserts that the district court committed reversible error by denying him the right of allocution before pronouncing his sentence. We agree. Accordingly, we VACATE and REMAND for resentencing.

## I. BACKGROUND

Palacios, a licensed attorney, became involved in a drug trafficking conspiracy wherein he oversaw the organization's drug transportation activities, was involved in the collection of narcotics proceeds, and represented members of the organization in state legal proceedings to gain access to

No. 14-40279

privileged information regarding law enforcement activity. Palacios was arrested on July 23, 2013. On August 20, 2013, he and his coconspirators were named in a twenty-one count superseding indictment alleging that they had, *inter alia*, engaged in a conspiracy to traffic narcotics. Palacios pleaded guilty to Count Fifteen, possession with the intent to distribute 100 kilograms or more of marijuana.

The district court sentenced Palacios and his codefendants on March 6, 2014. Palacios's pre-sentence report ("PSR") placed him at an offense level of 38 with a category I criminal history. Based on this information, the advisory range pursuant to the U.S. Sentencing Guidelines was five to forty years' imprisonment, with a term of at least four years of supervised release. The PSR recommended that the district court reduce Palacios's offense level if he clearly accepted responsibility for his crime but also recommended that the court depart upwardly in sentencing him because he had abused his position as an attorney.

During sentencing, the district court reiterated Palacios's right to raise any issues he had with the PSR. The court explained to Palacios that to receive a reduction in his offense level for acceptance of responsibility, he would have to "generally" describe his wrongful conduct that constituted the instant offense. The court asked Palacios, "Do you want to tell me what it is that you did in this conspiracy?" Palacios spoke in detail about his role in the conspiracy, explaining that he arranged for the transportation and delivery of marijuana to at least three different locations.

Following Palacios's statement, the district court reduced his offense level by two points. The following exchange ensued:

> THE COURT: All right. So I'm going to give him his two points off for acceptance. I assume the Government will move for the third?

2

No. 14-40279

THE GOVERNMENT:  The Government so moves, your Honor.

THE COURT:  All right, which I grant.  Okay.  Anything else you want to add?  I did review the letter from the church.

MR. GARCIA [Palacios's counsel]:  Yes, your Honor, also the classes that he's been taking while incarcerated in Willacy County. We also ask the Court to consider the age of his young son, your Honor.

THE COURT:  Right.

Palacios's counsel then offered as an additional mitigating factor that Palacios had no criminal history.  Following counsel's statement, the district court directly addressed Palacios:

> THE COURT:  Mr. Palacios, as I'm sure you know, your ex-wife was well-thought of and a very competent prosecutor here in this court.  So I feel like [I] know your family a little bit already.  And as I was telling your father, you know, it's a shame when I see this family drug connection . . . . I hope you are able to help yourself in the future so that you don't have to serve all of this lengthy sentence.

The district court then calculated Palacios's offense level as 33.  The resulting applicable Guidelines range was 135–168 months.  The court sentenced him to 144 months' imprisonment and five years' supervised release.  The district court explained to Palacios that he had the right to appeal but did not ask him any further questions.

Palacios appeals his sentence, arguing that the district court plainly erred when it failed to allow him the right to allocute at his sentencing hearing. In his appellate brief, Palacios includes a lengthy statement he claims he would have made at sentencing if given the opportunity to allocute.  In this statement, he apologizes to society, the victims of his crimes, and his family— particularly his young son.  He explains the financial difficulties that drove

No. 14-40279

him to his "horrible decision" and asserts that he takes responsibility for his actions. He additionally describes the efforts he has made to rehabilitate himself while incarcerated and details his past charitable and volunteer work.

## II. DISCUSSION

Palacios did not object in the district court that he was denied his right to allocute, and so we review for plain error. *See United States v. Reyna*, 358 F.3d 344, 350 (5th Cir. 2004) (en banc). To apply Rule 52(b)'s plain error rule in the allocution context, we first ask whether the district court (1) committed an error, (2) that is clear and obvious, and (3) that affected the defendant's substantial rights. *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)); *see also United States v. Perez*, 460 F. App'x 294, 299 (5th Cir. 2012) (per curiam). We "will 'ordinarily remand for resentencing' if a district court commits plain error that affects a defendant's substantial rights by denying the right of allocution." *United States v. Avila-Cortez*, 582 F.3d 602, 606 (5th Cir. 2009) (quoting *Reyna*, 358 F.3d at 353). However, reversal is "not automatic." *Id.* at 604. "In a limited class of cases, a review of the record may reveal, despite the presence of disputed sentencing issues, that the violation of a defendant's right to allocution does not [seriously affect the fairness, integrity, or public reputation of judicial proceedings]." *Id.* (quoting *Reyna*, 358 F.3d at 352).

### *A. Right to Allocution*

Palacios argues that although the district court allowed him the opportunity to speak with regard to acceptance of responsibility, the court did not allow him "the right to speak on any subject of his choosing prior to imposition of sentence." We agree. "In order to satisfy Rule 32, the district court must communicate 'unequivocally' that the defendant has a right to allocute." *United States v. Magwood*, 445 F.3d 826, 829 (5th Cir. 2006) (quoting *United States v. Echegollen-Barrueta*, 195 F.3d 786, 790 (5th Cir. 1999)). The

4

district court must make a direct, personal inquiry to the defendant, applying the rule "quite literally." *Id.* (citation omitted); *see also United States v. Legg*, 439 F. App'x 312, 313 (5th Cir. 2011) (per curiam) (determining that extensive discussion between district court and defendant did not constitute a "specific and unequivocal" allocution opportunity). "[T]he court, the prosecutor, and the defendant must at the very least interact in a manner that shows clearly and convincingly that the defendant knew he had a right to speak on any subject of his choosing prior to the imposition of sentence." *Magwood*, 445 F.3d at 829 (quoting *Echegollen-Barrueta*, 195 F.3d at 789) (alteration in original) (internal quotation omitted).

Although Palacios and the district court engaged in discussion prior to the imposition of his sentence, the record does not show that Palacios was given a specific and unequivocal opportunity to speak in mitigation of his sentence. After Palacios described his role in the conspiracy and the district court granted him a reduction for acceptance of responsibility, the district court then stated, "Okay. Anything else you want to add? I did review the letter from the church." Palacios's counsel responded to the court's question with the statement: "Yes, your Honor, also the classes that he's been taking while incarcerated in Willacy County. We also ask the Court to consider the age of his young son, your Honor." It is unclear from the record to whom the district court addressed its open-ended question. The fact that (1) the immediately preceding dialogue had been between the court and the prosecution and (2) the court never interrupted defense counsel to clarify that its question had been directed to Palacios, makes plausible the conclusion that the question was not directed at Palacios but rather to his attorney. That any such ambiguity exists demonstrates that Palacios was not given a specific and unequivocal opportunity to speak. *See Magwood*, 445 F.3d at 829. Thus, we conclude that the first two prongs of the plain error test have been met: the district court

erred in failing to provide Palacios with an allocation opportunity, and that error was clear and obvious. *See id*; *United States v. Perez*, 460 F. App'x 294, 299–300 (5th Cir. 2012) (per curiam); *Legg*, 439 F. App'x at 313.

### B. Defendant's Substantial Rights

The third prong of the plain error analysis—harm to the defendant's substantial rights—is also satisfied. "Ordinarily, in order to establish that an error 'affects substantial rights' . . . , a defendant must establish that the error was 'prejudicial,' i.e.[,] that it 'affected the outcome of the district court proceedings.'" *Reyna*, 358 F.3d at 350. In cases involving the right to allocution, we presume that the defendant's substantial rights were affected if "the record reveals that the district court did not sentence at the bottom of the guideline range or if the court rejected arguments by the defendant that would have resulted in a lower sentence." *Id.* at 353. Because Palacios was sentenced to 144 months' imprisonment, a mid-range sentence in the advisory guidelines range of 135 to 168 months of imprisonment, we hold that the error affected his substantial rights. *See Magwood*, 445 F.3d at 829; *Reyna*, 358 F.3d at 353.

### C. Discretion to Correct the Error

While we will ordinarily remand for resentencing if a district court commits plain error that affects a defendant's substantial rights by denying the right of allocution, we have "decline[d] to adopt a blanket rule that once prejudice is found under the rule stated above, the error invariably requires correction." *Reyna*, 358 F.3d at 352. Instead, we "conduct a thorough review of the record to determine . . . whether the error 'seriously affects the fairness, integrity, or public reputation of judicial proceedings,'" compelling our exercise of discretion to correct it. *Id.* at 353. In most allocution appeals, "to prevail, defendants will have to show some objective basis that would have moved the trial court to grant a lower sentence; otherwise, it can hardly be said that a miscarriage of justice has occurred." *Id.* at 356 (Jones, J., concurring); *see also*

No. 14-40279

*Magwood*, 445 F.3d at 830 (determining that the defendant, who simply challenged a facial violation of the denial of the right to allocute and who did not challenge his sentence, failed to establish that a miscarriage of justice occurred).

Whether this court will exercise its discretion to correct the error is a "highly fact-specific" inquiry involving a range of factors. *See Avila-Cortez*, 582 F.3d at 605. "[I]f the defendant had a prior opportunity to allocute, or if the defendant fails to explain what exactly he or she would have said during allocution that might mitigate the sentence, then the case is one of those 'limited class of cases' in which we will decline to exercise our discretion to correct the error." *Id.* at 606 (quoting *Reyna*, 358 F.3d at 352). We have also considered whether defense counsel offered mitigating arguments on behalf of the defendant. *See Magwood*, 445 F.3d at 830 (declining to correct the error where defense counsel argued mitigating information, the district court weighed that information, and the defendant failed to state what his mitigating statement would have been). Although the presence of such arguments may support affirming the sentence, such statements do not preclude this court from exercising its discretion to correct the error. *See id.*

Here, Palacios was not given a prior opportunity to allocute. He was, however, given an opportunity to speak before the district court imposed his sentence. During the sentencing hearing, the district court reiterated to Palacios his right to raise any issues he had with the PSR and gave him the opportunity to describe "what wrongful conduct [he] did that constituted [the] offense." In response, Palacios provided a detailed answer describing his unlawful actions. However, although the district court went beyond "barely address[ing the defendant] at all," *see Avila-Cortez*, 582 F.3d at 604, 607 (finding reversible error where the only time the defendant spoke was when he twice said "Yes, sir" in response to whether he had received and reviewed the

7

PSR), it never gave Palacios an explicit opportunity to speak freely, *see Magwood*, 445 F.3d at 829. Palacios was effectively limited to talking about any issues he had with the PSR; telling the district court generally "what wrongful conduct [he] did that constituted [the] offense"; and discussing his role in the conspiracy. Thus, this consideration does not weigh definitively in either direction.

However, other factors weigh strongly in favor of correcting the district court's error. Palacios provided in his appellate brief a statement of what he would have said had he been given the opportunity to allocute. This statement is specific, thorough, and gives "detail, expression, [and] expansion" to the statements provided by defense counsel.[1] *See Avila-Cortez*, 582 F.3d at 606. It provides specific facts about Palacios's professional accomplishments, charitable activities and family life, and efforts to better himself while incarcerated—any of which might have convinced the district court to impose a lesser sentence. *See id.* (correcting the error where the defendant "specifie[d] precisely" what he would have told the district court to mitigate his sentence); *United States v. Lister*, 229 F. App'x 334, 338–39 (5th Cir. 2007) (per curiam) (correcting the error where the defendant specified in his brief what he would

---

[1] For example, during sentencing, defense counsel asked the district court "to consider the age of [Palacios's] young son." By contrast, in his appellate brief, Palacios states that he would have said:

> I would like to apologize to my own family . . . . Most importantly, my son Joey, for leaving him without a father. Not a day goes by that I don't regret all the things that I have done that has [sic] led me to standing before you today. These actions have taken me away from the most important responsibility to be bestowed upon me—fatherhood. I have failed miserably in setting a good example for him. And although I have tried to raise a little boy with a strong moral code, my actions will nonetheless affect the way he looks at me. I only hope that one day he will find it in his heart to forgive me for abandoning him when he needs me the most. Being taken into custody in his presence is something that will always tear at my heart and my conscience.

have included in his allocution statement); *cf. United States v. Neal*, 212 F. App'x 328, 332 (5th Cir. 2007) (per curiam) (declining to correct the error where the defendant "assert[ed] only conclusionally [that] he was not given an opportunity to discuss his 'family, background, his conduct in prison, his activities during his months of successful supervised release, or other areas'" but failed "to allege any specific facts which, given the entirety of the transcript, . . . likely would've convinced the district court to levy a more lenient sentence").

Moreover, although Palacios's defense counsel made a few, somewhat cursory, mitigating statements on Palacios's behalf,[2] these brief points were not sufficient to supplant Palacios's right to plead his own case at allocution. In *Avila-Cortez*, we exercised our discretion to correct the error where the defendant explained in his brief that he would have told the district court that he had a specific strategy to address his problem with alcohol and that he was making plans to return permanently to Mexico with his wife. 582 F.3d at 606. The defendant's counsel, by contrast, had only "summarily referred to this mitigating evidence in his argument." *See id.* Similarly, here, defense counsel "did not present to the court the same quantity or quality of mitigating evidence that [the defendant] would have given had he been able to allocute." *See id.* At the sentencing hearing, defense counsel only summarily referred to the fact that Palacios was taking classes while incarcerated, has a young son, and had no prior criminal history. In his appellate brief, however, Palacios adds detail and description to these assertions, presents additional mitigating evidence, and does all of this in his own voice. *See Green v. United States,* 365

---

[2] Specifically, defense counsel stated: "Yes, your Honor, also the classes that he's been taking while incarcerated in Willacy County. We also ask the Court to consider the age of his young son, your Honor." Counsel then added: "The fact that Mr. Palacios, you know, has no criminal history, your Honor."

U.S. 301, 304 (1961) (As Justice Frankfurter explained, "The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself."). Further, as in *Avila-Cortez*, the record in this case does not indicate that the district court contemplated, or subsequently rejected, defense counsel's mitigating statements. *See Avila-Cortez*, 582 F.3d at 604, 606; *cf. Magwood*, 445 F.3d at 830.

These considerations weigh in favor of correcting the district court's error, and, consistent with this court's precedent, Palacios has "show[n] some objective basis that would have moved the trial court to grant a lower sentence." *See Magwood*, 445 F.3d at 830 (internal quotation marks omitted); *cf. Legg*, 439 F. App'x at 313 (finding the defendant failed to show such an objective basis where the facts and assertions he contended he would have presented to mitigate his sentence were either considered by the district court and deemed unpersuasive or did not undermine the court's reasons for imposing the sentence); *United States v. Coleman*, 280 F. App'x 388, 392 (5th Cir. 2008) (per curiam) (finding no miscarriage of justice where the defendant did not point to anything "that arguably would have impacted the district court's thinking").

The Government urges us to consider, *inter alia*, (1) that the district court had a "comprehensive" view of Palacios through the substantial PSR, the experience of sentencing Palacios's coconspirators, and its knowledge of Palacios's ex-wife and family,[3] and (2) that Palacios, a former prosecutor and defense lawyer, "would have been his own best advocate if there had been anything else to say." We do not find these factors sufficient to outweigh the previous considerations. The existence of a voluminous PSR and the presence

---

[3] Palacios's ex-wife is a prosecutor who had previously appeared in the district court, and Palacios's brother and father were codefendants who had been sentenced by the court.

of other codefendants at sentencing do not per se negate the occurrence of a miscarriage of justice, and the Government cites no authority that would suggest otherwise. Additionally, even assuming that Palacios had been aware of his right to allocute based on his professional experience, mere awareness of that right is not the proper inquiry under Rule 32. Moreover, during sentencing, Palacios was not appearing as a defense attorney but rather as a criminal defendant facing severe penalties and likely under significant stress. Thus, while these considerations could perceivably carry slight weight, we do not find them dispositive.

## III. CONCLUSION

In sum, we conclude that the district court's failure to provide Palacios the opportunity to allocute before sentencing amounted to plain error that affected his substantial rights, warranting this court's exercise of discretion to correct the error. *See Reyna*, 358 F.3d at 352–53. Accordingly, we VACATE and REMAND for resentencing.[4]

---

[4] We are aware that in Dkt. No. 16-40164, *United States v. Chavez-Perez*, also up on appeal, we held that the district court's failure to provide the defendant the right to allocute did not amount to reversible error. In contrast to the instant case, we determined that the final prong of the plain error test was not met because no miscarriage of justice had occurred. Because the defendant in *Chavez-Perez* failed to demonstrate an objective basis that would have moved the district court to grant a lower sentence, *see Reyna*, 358 F.3d at 356 (Jones, J., concurring), we declined to exercise our discretion to correct the error.