# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2022

Lyle W. Cayce
Clerk

No. 20-20644

United States of America,

*Plaintiff—Appellee*,

*versus*

David Villegas Pereznegron,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-cr-71-1

Before Smith, Elrod, and Oldham, *Circuit Judges*.

Per Curiam:[*]

The question presented is whether the district court plainly erred by not allowing David Villegas Pereznegron to allocute during sentencing. The answer is no. We therefore affirm.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20644

I.

David Villegas Pereznegron ("Villegas") is a serial drunk driver: He has been convicted five times of driving while intoxicated ("DWI"). After his fourth conviction, he was removed to Mexico. Over six years later, Villegas was at it again: Texas police caught him back in the United States and driving drunk again. Villegas pleaded guilty to his second felony DWI (his fifth DWI overall) and received a three-year sentence.

While serving his sentence, the United States ("Government") charged Villegas with illegal reentry. Villegas pleaded guilty, but he moved for a downward departure from the guidelines range. Villegas's sole reason for a downward departure was the overlapping time he spent in state custody for his second felony DWI conviction. *See* U.S.S.G. § 2L1.2 cmt. n.7. He also submitted mitigation evidence, specifically letters from his family.

The court accepted Villegas's guilty plea and moved to sentencing. Everyone agreed that the applicable guidelines range was 46 to 57 months. The Government urged a sentence within the guidelines range because Villegas's repeated misconduct presented "a very severe public safety problem." The sentencing judge then invited defense counsel to speak. Defense counsel acknowledged his client's repeated problems with alcohol but argued that Villegas "learned his lesson" and would remain in Mexico this time because Villegas's family had lined up a "job" and a "place to live" in Mexico. The sentencing judge ended the hearing by asking Villegas himself some targeted questions but did not make clear that Villegas had an opportunity to speak outside those targeted questions.

The judge sentenced Villegas to 48 months of imprisonment—two months above the bottom of the applicable guideline range. Villegas timely appealed, challenging his sentence based solely on a violation of his right to allocute. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C.

2

No. 20-20644

§ 3742(a). Because Villegas failed to object during sentencing, our review is for plain error. *See United States v. Palacios*, 844 F.3d 527, 530 (5th Cir. 2016).

## II.

To pass the plain-error standard, a defendant "must show (1) that the district court committed an error (2) that is plain and (3) affects his substantial rights and (4) that failure to correct the error would seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Muhammad*, 14 F.4th 352, 363 (5th Cir. 2021) (quotation omitted). We need only address prong four because Villegas's claim fails there.

To meet prong four, our precedent requires defendants "to show some objective basis that would have moved the trial court to grant a lower sentence." *United States v. Magwood*, 445 F.3d 826, 830 (5th Cir. 2006) (quotation omitted); *see also United States v. Chavez-Perez*, 844 F.3d 540, 545 (5th Cir. 2016) (looking for "an objective basis that would have moved the court to grant a lower sentence" (quotation omitted)).[†] Villegas tries to marshal such evidence by pointing to letters from his family. Based on those letters, Villegas says he would have allocuted on three topics if the court had allowed him: (1) his recidivist drunk driving; (2) his taking advantage of his family; and (3) his intention to stay in Mexico.

Villegas has not made the required showing. That is because "[m]ost of the arguments [Villegas] claims he would have made were raised either by [those letters] or defense counsel at the sentencing hearing, and [Villegas] does not provide any new mitigating information in his appellate brief."

---

[†] This legal standard sounds like it would fit better in prong three, which requires a showing of prejudice. We are nevertheless bound by our rule of orderliness to consider it under prong four.

*Chavez-Perez*, 844 F.3d at 545 (footnote omitted). For example, the record shows that the sentencing judge read the letters. Villegas concedes that. Villegas's counsel also addressed portions of the letters, including Villegas's incentives to stay in Mexico. For example, counsel told the judge that Villegas's family had a home and a job for him in Mexico and that his children were adults who could visit him there.

The sentencing judge then made clear that nothing in those letters or the information from Villegas's family would change the sentence. For example, the sentencing judge opined that Villegas had "no incentive to act right" because he has "people here who will take him in and clean up his messes." The judge also suggested that Villegas "drink[s] because [he has] . . . no way to compensate [his] family for what they've done supporting [him]" and stated that Villegas "betray[ed]" his family and community by driving drunk. To this judge, Villegas was a "danger [to] everybody in town." The judge even went so far as to say that Villegas has "take[n] advantage" and "mooch[ed] off" of his family.

Under current precedent, Villegas's claim fails at prong four.

AFFIRMED.

No. 20-20644

JENNIFER WALKER ELROD, *Circuit Judge*, dissenting:

Every criminal defendant has a right to be heard before a district court sentences him. When a district court dominates the hearing and then sentences the defendant without letting him speak, we almost always send it back for a do-over. That is true even where, as here, neither the defendant nor his counsel objects to try to get a word in edgewise. All agree that the district court erred, that the error was obvious, and that the obvious error harms Villegas's substantial rights. The only issue for us is whether allowing the district court to swap out colloquy for soliloquy seriously affects the fairness, integrity, or public reputation of the judicial proceedings. Villegas has made this showing, and thus I respectfully dissent.

For obvious allocution errors, our default is to vacate. We affirm only in a "limited class of cases." *United States v. Reyna*, 358 F.3d 344, 352–53 (5th Cir. 2004) (*en banc*). One that comes up often: where a defendant does not get to speak at a particular sentencing hearing, but he had many chances to allocute at *other* sentencing hearings. *United States v. Figueroa-Coello*, 920 F.3d 260, 265–66 (5th Cir. 2019). That is not the situation here, and no one contends otherwise.

Another of these "limited" types of cases is one where the defendant offers no "mitigating evidence" that "likely would have moved the district court to grant a more lenient sentence." *United States v. Chavez-Perez*, 844 F.3d 540, 545 (5th Cir. 2016). The defendant must have presented no "objective basis" for the district court to "probably have changed its mind." *Id.* Again here, this case is not that: Villegas has offered a proposed allocution that contains specific grounds that could possibly persuade a district court to impose a lower sentence. This is true even though Villegas's counsel partially addressed the same issues Villegas himself would have addressed. As we have said, "[t]he right of allocution exists because counsel may not be

able to provide the same quantity or quality of mitigating evidence as the defendant at sentencing." *Figueroa-Coello*, 920 F.3d at 268.

*Palacios* is a good example. There, even though the defendant's counsel had already covered some of the same ground at the hearing, the defendant would have added "specific facts about [his] professional accomplishments, charitable activities, and family life, and efforts to better himself while incarcerated." *United States v. Palacios*, 844 F.3d 527, 532–33 (5th Cir. 2016). It was sufficient for us that the district court had not expressly contemplated or rejected those considerations. *Id.* at 533.

Another is *Avila-Cortez*, where we vacated for allocution error in a case much like this one. *United States v. Avila-Cortez*, 582 F.3d 602, 603 (5th Cir. 2009). The defendant in that case pleaded guilty to illegal reentry and had a history of driving while intoxicated. *Id.* at 603–04. Just like here, the district court emphasized the defendant's recidivism and did not clearly reject defense counsel's mitigating arguments. *Id.* at 606. Because of these facts, and because the defendant had described precisely what information he would present in allocution regarding his alcohol abuse and his plan to return to Mexico, we held that the fourth prong was satisfied. *Id.* at 606–07.

We should do the same here. The district court's conjecture about Villegas went largely unchecked. What started as a discussion about Villegas's criminal history veered into assumptions about Villegas's family members, then veered into the psychological impact on Villegas's family caused by his drinking, which veered into calling Villegas a "mooch" for how he treated his family. Villegas would have provided details about his long struggle with alcohol, his past lengthy period of sobriety, and his plan to return to society and avoid relapsing. And far from being a "mooch," Villegas would have refuted that by discussing "the support he had provided to his daughters over the years." These comments would have gone well

beyond his counsel's short remark that Villegas had "issues with alcohol," and they could have at least partially rebutted the district court's unchallenged perspective that Villegas had been and would continue to be a hopeless alcoholic. Villegas also would have provided details about his plan to return to and remain in Mexico. On this point, his counsel noted merely that Villegas had a home and a job in Mexico, and that his children were "adults" who could visit him there. Had Villegas allocuted, he could have explained in greater detail why his experience made him particularly well-suited for the job in Mexico and that his children had the financial resources to visit him.

The majority opinion declines to vacate Villegas's sentence in large part because, in its view, the information Villegas would have presented at allocution was also found in letters from his family members, which the court reviewed. Although the letters and the proposed allocution contain some overlapping information, that is not fatal to Villegas's case. As we said in *Figueroa-Coello*, for us to affirm despite allocution error, "[t]he defendant must fail to present *any* objective basis upon which the district court would probably have changed its mind." 920 F.3d at 266. For one, it is unclear whether the district court specifically contemplated the entirety of the letters' contents. The record reveals only that the court at sentencing was cognizant of the house made available to Villegas in Mexico, which the letters mention.

In any event, the contents of the letters are not a substitute for allocution. The letters mention that Villegas would have a job and a house in Mexico, and that he had been sober for a period of time. Villegas could have discussed in detail why he would remain in Mexico, why the job and home are a good fit for him, and the details of his struggles, past successes, and future plans related to his alcoholism. As the Supreme Court has said, "[t]he most persuasive counsel"—or family members, I would add—"may not be

able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." *Green v. United States*, 365 U.S. 301, 304 (1961). As in *Aguirre-Romero*, a case in which we vacated the sentence, "[Villegas] represents that he could have provided deeper, more personal insight into the arguments counsel raised and could have more fully addressed the court's concerns about his past." *United States v. Aguirre-Romero*, 680 F. App'x 291, 297 (5th Cir. 2017). Under our precedent, that is enough to vacate and remand.

\*　　\*　　\*

Rule 32 says that district courts *must* address the defendant at sentencing to allow him to speak for himself. Fed. R. Crim. P. 32(i)(4)(A)(ii). That is not just empty formalism; it protects the fairness, integrity, and public reputation of our judicial proceedings, precisely what the fourth prong of the plain-error analysis addresses. So too does the most basic rule-of-law principle: Treat like cases alike. We have corrected many allocution errors in cases like this. *See, e.g.*, *Figueroa-Coello*, 920 F.3d at 266–68; *Palacios*, 844 F.3d at 532–34; *Avila-Cortez*, 582 F.3d at 606–07; *Aguirre-Romero*, 680 F. App'x at 296–97; *United States v. Lister*, 229 F. App'x 334, 339 (5th Cir. 2007). We should do the same here. Thus, I respectfully dissent.