# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2024

Lyle W. Cayce
Clerk

_____

No. 24-30159
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Ashton A'qumartez Thomas,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:19-CR-260-1

_____

Before Dennis, Haynes, and Ramirez, *Circuit Judges*.
Per Curiam:[*]

The district court did not allow Defendant Ashton A'qumartez Thomas to speak during the sentencing phase of the revocation hearing. Failure to do so was reversible plain error that affected the fairness of his sentence, so we VACATE and REMAND.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30159

## I.    Background

After serving his prison sentence for possession of a stolen firearm, Thomas began his term of supervision. During Thomas's supervised release, the Probation Office alleged that Thomas violated a condition of supervision by committing other crimes, including domestic abuse battery and aggravated assault.

At the revocation hearing, a witness testified about an incident that occurred soon after she began dating Thomas that she contended was assault. After the government presented its evidence, Thomas's counsel conceded that Thomas got into a "physical altercation" with the witness but asserted that Thomas did not start the fight and was merely trying to defend himself.

The district court, after listening to the evidence and attorneys' arguments, found that Thomas had violated a condition of supervised release as alleged. The witness "certainly wasn't . . . perfect," the district court observed, but photos and body camera footage supported her account, and the court "believe[d] her testimony that Mr. Thomas was the one who did it, that he had a knife."

Without pausing to give Thomas allocution (having never addressed him in the revocation hearing) or having heard from his counsel on the sentencing, the district court revoked Thomas's supervised release and sentenced him to 24 months in prison, the statutory maximum and the top of the advisory range, with no subsequent term of supervision. Thomas appeals, asserting that the district court's failure to allow him to allocute is reversible error. *See* Fed. R. App. P. 4(b)(1)(A)(i).

## II.    Discussion

Thomas failed to object before the district court, so we review for plain error. *See United States v. Reyna*, 358 F.3d 344, 350–51 (5th Cir. 2004) (en

2

banc). To establish plain error, a defendant must show (1) an error (2) that is clear or obvious and (3) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). We have discretion to correct the error if (4) it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration in original) (quotation omitted).

As the government concedes, and we agree, the first three prongs are met. The district court's failure to address Thomas or allow him to offer mitigating information is an "obvious or plain" error. *Reyna*, 358 F.3d at 350; *see United States v. Magwood*, 445 F.3d 826, 829 (5th Cir. 2006). We also generally assume prejudice when, as here, the district court sentences either above the statutory minimum or above the bottom of the Sentencing Guidelines range. *See Magwood*, 445 F.3d at 829. Thus, we conclude that the first three prongs of the plain-error standard are met.

Once we get to the fourth element, "we will ordinarily remand for resentencing." *Reyna*, 358 F.3d at 353. Still, in most allocution appeals, the defendant must present an "'objective basis' upon which the district court would probably have changed its mind, had he been allowed to speak." *United States v. Figueroa-Coello*, 920 F.3d 260, 266 (5th Cir. 2019) (per curiam); *see United States v. Palacios*, 844 F.3d 527, 531 (5th Cir. 2016). In considering whether to exercise our discretion, we engage in a "highly fact-specific" inquiry involving a range of factors, including what the defendant would have said at the sentencing hearing and whether counsel offered any mitigating arguments. *Palacios*, 844 F.3d at 532 (quotation omitted).[1]

---

[1] Some panels of our court have considered whether the defendant had a prior opportunity to allocute. *United States v. Avila-Cortez*, 582 F.3d 602, 606 (5th Cir. 2009). Neither party addresses whether Thomas had a prior opportunity to allocute, and the answer is not in the record, so we do not focus on that factor. However, we note that even if he allocuted at his first sentencing hearing, we doubt that it would preclude remand here.

No. 24-30159

At the revocation hearing, Thomas's counsel argued whether there was a violation, but counsel was not given the opportunity to make any sentencing or mitigation arguments.[2]  Had the district court given Thomas the opportunity to allocute, Thomas says he would have provided mitigating information about the incident with the witness and the progress he has made while on supervised release.

Regarding the incident with the witness, Thomas would have "explained his side of the story."  In particular, he could have explained that "despite the inappropriateness of his actions, he was not the aggressor": the witness "was belligerent and unreasonable"; Thomas "was trying to leave her apartment but . . . could not leave without . . . waiting on his ride"; "[h]e only armed himself with the knife when she tried to attack him"; and he "never attempted to harm her" with the knife.

The government asserts that counsel presented the same information during the revocation hearing.  This argument "disregards the specificity allocution provides." *Figueroa-Coello*, 920 F.3d at 268.  Defendants have the right to allocute because "counsel may not be able to provide the same quantity or quality of mitigating evidence as the defendant at sentencing." *Id.* (internal quotation marks and citation omitted).  Indeed, Thomas's allocution proffer is different than counsel's statements during the hearing—

---

The first sentencing hearing was over three years before the revocation hearing, and the circumstances of the offense and offender were different.

[2] The lack of mitigating arguments by counsel distinguishes this case from others declining to correct an allocution error.  *See United States v. Chavez-Perez*, 844 F.3d 540, 545 (5th Cir. 2016) (declining to vacate the sentence where the district court heard mitigating arguments from defense counsel); *Magwood*, 445 F.3d at 830 (same).

4

it highlights additional mitigating details and context—and could be grounds for a sentence reduction.[3]

Additionally, Thomas avers that his allocution would have addressed "the positive progress he had made" while on supervised release, pointing to his employment record, lack of drug use, and continued progress during the two months between the altercation with the witness and his arrest. Thomas's counsel's arguments were limited to the incident with the witness, so this proffered allocution would have provided additional bases to support a sentence reduction. *See United States v. Avila-Cortez*, 582 F.3d 602, 606 (5th Cir. 2009) (remanding for resentencing when defendant was not provided the opportunity to tell the district court about his strategy to address his problems with alcohol and his plans to return to Mexico with his wife); *Palacios*, 844 F.3d at 530 (remanding for resentencing when defendant did not have the chance to tell the district court about his plans to rehabilitate himself while incarcerated and his past charitable and volunteer work).

In sum, had Thomas been given the opportunity to speak at his sentencing hearing, Thomas would have provided his perspective of the altercation and the positive progress he has made since his release. We conclude that the proffered allocution would have provided the district court details that it did not have when sentencing Thomas, and those details could lead the district court to reconsider its sentence. Thus, based on the facts of

---

[3] The government also argues that the district court may interpret Thomas's proffered allocution as unapologetically shifting blame to the witness and conclude that it is aggravating rather than mitigating. We agree, that is possible. But our standard does not require certainty that the district court will change its mind on remand, only that the court will follow the rules, which include allowing defendant's allocution. *See Figueroa-Coello*, 920 F.3d at 266 ("The defendant must fail to present any 'objective basis' upon which the district court would probably have changed its mind, had he been allowed to speak." (quotation omitted)).

this case, the district court's failure to allow Thomas to speak in mitigation of his sentence seriously affected "the fairness, integrity or public reputation" of the judicial proceedings. *Puckett*, 556 U.S. at 135 (quotation omitted). Accordingly, we conclude it is appropriate to vacate and remand. *Reyna*, 358 F.3d at 353.

### III.    Conclusion

Because the district court's failure to give Thomas an opportunity to allocute before his sentencing was plain error that affected the fairness of his sentence, we VACATE the sentence and REMAND for resentencing.